IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KAREN STIGGE, Trustee for the Clarence L. Ramold Revocable Trust and for the Theresa M. Ramold Family Trust,<br><br>Plaintiff,<br><br>v.<br><br>RODDY FAMILY FARMS LLC, PATRICK D. CHRISTIANSEN, KELLEY D. CHRISTIANSEN, SHIRLEY M. HAZLETT, Trustees for the Vernie C. Hazlett Trust and for the Shirley M. Hazlett Trust; and THE UNITED STATES OF AMERICA,<br><br>Defendants. | 8:22CV222<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the United States of America's ("government") Motion to Dismiss for Failure to State a Claim (Filing No. 6). *See* Fed. R. Civ. P. 12(b)(6). Plaintiff Karen Stigge ("Stigge"), Trustee for the Clarence L. Ramold Revocable Trust and for the Theresa M. Ramold Family Trust (together, "trusts"), opposes dismissal (Filing No. 9). For the reasons stated below, the motion is granted.

**I.    BACKGROUND**

This case comes to the Court after what Stigge acknowledges is "a unique procedural history." That history includes an agreement between Stigge and the government to the following undisputed facts (Filing Nos. 7-6, 8, and 9).

In 2004, the government obtained from Frank Hulac and Donna L. Hulac (the "Hulacs") a Wetlands Reserve Program easement ("WRP easement") on part of a parcel of real property the Hulacs owned in Otoe County, Nebraska (the "property"). The WRP easement prohibits certain activities on the easement area that would alter the natural

habitat. The WRP easement requires the landowner to report "any conditions or events which may adversely affect the wetland, wildlife, and other natural values of the easement area."

In June 2014, the Hulacs sold the property containing the WRP easement to defendants Patrick D. Christiansen and Kelley D. Christiansen (the "Christiansens"). The WRP easement states it runs with the land and binds the Hulacs and their successors and assigns. According to the government, the Christiansens have not reported any adverse conditions or events involving the easement area since they bought the property.

The trusts own a parcel of adjoining property ("trust property") to the east of the Christiansens' property. On August 17, 2021, Stigge filed a Complaint in the District Court of Otoe County, Nebraska ("state court"), Case No. CI 21-284. Stigge alleged in part that the trusts had a prescriptive easement and easement by necessity against the Christiansens and other named defendants to allow Stigge to access the trust property.

On November 15, 2021, the Christiansens moved the state court to either join the government as a "necessary party" based on the WRP easement or to dismiss the complaint for lack of subject-matter jurisdiction if the government could not be joined. In support, the Christiansens cursorily relied on Neb. Rev. Stat. § 25-323, which provides

> The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in.

The state court summarily granted the Christiansens' unopposed motion to join without a written opinion (Filing No. 7-3).

On May 24, 2022, Stigge filed a Second Amended Complaint (Filing No. 1-1) that added the government as a defendant "only to the extent this proceeding may affect the WRP Easement interest in the Christiansen Property." Stigge named the government as a

2

defendant as to four claims: (1) declaratory judgment – easement by necessity, (2) injunctive relief, (3) private nuisance, and (4) conversion.

Stigge attached a copy of the recorded WRP easement and map as Exhibit D to her Second Amended Complaint. The map shows an easement area of 24.42 acres and three separate lines relevant to this case. The northernmost line marks the northern boundary of the Christiansens' property. A bit to the south is a dotted line marked "Existing Field Road." Further south is a third line that marks the northern boundary of the WRP easement.

Stigge also attached as Exhibit G to the Second Amended Complaint a colored map that shows the trust property, the Christiansens' property, and the properties of other nearby landowners. The map includes an orange line labeled "County Road F" to the west and "Private Driveway" to the east toward the Christiansens' property. Stigge alleges the county road ends before the trust property.

In her first cause of action, Stigge claims the trusts have a prescriptive easement against the Christiansens and other adjoining landowners. She alleges Stigge, her predecessors, and her agents use the private driveway to access the trust property "from the west[] and have done so continuously for more than ten years."

Stigge and the government agree the "Private Driveway" which is "otherwise labeled as the 'Existing Field Road' . . . is *outside* and north of the WRP easement." Stigge does not allege any right or intent to travel through the WRP easement, and she agrees the government has "not taken any action to block, impede, or prevent" her from accessing the "Private Driveway" or "Existing Field Road" or to otherwise deny her access to or interfere with her use of the trust property.

Although the record does not include any answers to the Second Amended Complaint, the Christiansens averred in their First Amended Answer (Filing No. 7-4) to a prior pleading "that for several years, they gave permission to [Stigge's] tenant to across

3

[sic] their land" but that "permission was withdrawn some years ago and has not been given since." The Christiansens maintain Stigge's "lawsuit is frivolous and without merit."

On June 23, 2022, the government removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1) (authorizing removal of civil actions against the United States). *See also Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1055 (8th Cir. 2020) (en banc) ("Section 1442 itself grants independent jurisdictional grounds over cases involving federal [defendants] where a district court otherwise would not have jurisdiction." (quoting *Johnson v. Showers*, 747 F.2d 1228, 1229 (8th Cir. 1984))). The government then moved to dismiss for failure to state a claim under Nebraska law—which the parties appear to agree applies to the property dispute at the heart of this case. Highlighting the allegations in the Second Amended Complaint, as clarified by the stipulation with Stigge, the government asserts Stigge has no cause of action against it because the "Private Driveway" or "Existing Field Road" Stigge seeks to access is outside the WRP easement.

## II. DISCUSSION
### A. Standard of Review

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Neither "naked assertions devoid of further factual enhancement" nor "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will suffice. *Id.* (internal marks omitted) (quoting *Twombly*, 550 U.S. at 557).

A complaint that alleges facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 557. "Rather, the facts alleged must be enough to raise a right to relief above the speculative level." *Roberson v. Dakota Boys & Girls Ranch*, 42 F.4th 924, 928 (8th Cir. 2022) (quoting *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc)).

In deciding a motion to dismiss, the Court "may consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned; without converting a motion to dismiss under Rule 12(b)(6) into one for summary judgment.'" *Roberson*, 42 F.4th at 928 (internal quotation marks omitted) (quoting *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017)). Such matters include "underlying state court decisions because they [a]re matters of public record." *Id.* (alteration in original) (quoting *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015)).

### B. No Plausible Claim for Relief from the Government

The pivotal factual allegations relevant to the government's motion are not in dispute. Stigge originally did not assert any claims against the government. The government was drawn in after the Christiansens identified them as a necessary party based on the WRP easement.

Under Nebraska law, a plaintiff must "join all persons who have or claim any interest that would be affected by the judgment" she seeks. *Pestal v. Malone*, 750 N.W.2d 350, 354 (Neb. 2008). The judge has a similar duty. *See id.*

> The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in.

5

*Id.* (quoting Neb. Rev. Stat. § 25-323). "The presence of necessary parties to a suit is a jurisdictional matter that cannot be waived by the parties." *Id.*

Here, the state court granted the Christiansens' unopposed motion to add the government as a necessary party. The state court nonetheless denied (Filing No. 10-1) their subsequent motion to dismiss, noting it was unclear "that any interest of the United States is implicated by the" WRP easement. Examining relevant caselaw, the state court concluded it "suggest[ed] the United States' interest was not affected by the present action." Yet the state court found some questions remained regarding whether (1) "the United States is a necessary party," (2) "any prescriptive easement sought by [Stigge] would affect the United States, since the United States does not own the property, but only an easement," and (3) Stigge's "alleged prescriptive easement interferes with any easement held by the United States or would be an attempt . . . to adversely possess the United States' easement via another easement."

The factual allegations in the Second Amended Complaint, as clarified by Stigge and the government, and the maps attached to her pleading go a long way to answering those questions. The government disclaims any interest in the specific property allegedly subject to Stigge's prescriptive easement and denies it is a necessary party in this case. Stigge agrees with the government that the access road at issue is outside of the WRP easement and claims no right or intent to travel through the WRP easement. She further states the government has not prevented her from accessing or using trust property and all but concedes she has no claim against the government for easement by necessity, private nuisance, or conversion.

Despite all that, Stigge opposes dismissal, arguing the government "must remain as a defendant in the present action because it has an interest in the Christiansen Property and the present controversy cannot be resolved without the [government's] participation in the litigation." She gives two reasons to deny the government's motion. Neither is persuasive.

6

First, Stigge argues the government "should remain a defendant in the procedural sense to meet the requirements in including all parties with interest in land, as established in *Pestal, supra*." The primary purposes of the necessary-party rule stated in *Pestal* are to protect absent rightsholders from having their interests adversely affected by a court decision without an opportunity to be heard and to ensure the entire controversy can be resolved. The Court does not read *Pestal* to require a defendant to remain in a case to satisfy some gratuitous procedural formality after they unequivocally disclaim any interest in the particular property at issue.

In *Pestal*, the Nebraska Supreme Court explained

> that an indispensable or necessary party is one whose interest in the subject matter of the controversy is such that the controversy cannot be finally adjudicated without affecting the necessary party's interest or which is such that not to address the interest of the necessary party would leave the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience.

750 N.W.2d at 354-55. Based on that definition and this record, the government is not a necessary party to Stigge's claims about access to the trust property and is entitled to dismissal. *See id.*

Stigge's second argument fares no better. Stigge nebulously argues "there are conflicting theories whether the [government] should remain a party" and suggests "[f]urther discovery into the details of the WRP Easement, the Private Driveway, and the Existing Field Road may reveal greater consensus amongst the facts and the authority." Stigge puts the cart before the horse.

"Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions" and unfounded speculation. *Iqbal*, 556 U.S. at 678-79; *see also Roberson*, 42 F.4th at 928. In essence, Stigge asks the Court to hold

7

off on dismissing the government because discovery might reveal different facts than those she has alleged, and those newly discovered facts might support a claim against the government. But "[a] claim survives a Rule 12(b)(6) motion to dismiss only if the complaint's nonconclusory allegations, accepted as true, make it not just 'conceivable' but 'plausible' that the defendant is liable" for the alleged harm. *Mitchell v. Kirchmeier*, 28 F.4th 888, 895 (8th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 680); *accord Twombly*, 550 U.S. at 557 (marking the line between possible and plausible). None of Stigge's claims against the government meet that standard.

### C. Remand

Having determined the government should be dismissed, the Court must decide whether to retain this case or remand it to state court. *See* 28 U.S.C. § 1447 (c), (d); *Parker v. Della Rocco*, 252 F.3d 663, 665-66 & n.2 (2d Cir. 2001) (per curiam) (noting some uncertainty but concluding the district court had supplemental jurisdiction under 28 U.S.C. § 1367 after the only federal defendant was dismissed); *Dist. of Columbia. v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 133 (D.C. Cir. 1985) ("If the federal party is eliminated from the suit after removal under [§ 1442(a)(1)], the district court does not lose its ancillary or pendent-party jurisdiction over the state law claims against the remaining non-federal parties."); *cf. Myers v. Moore Eng'g, Inc.*, 42 F.3d 452, 454 (8th Cir. 1994) (concluding the district court did not abuse its discretion in deciding the dismissal of the only federal defendant did not require remand). *But cf. Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 235 n.3 (questioning whether "a district court presiding over a multiparty removed case can invoke supplemental jurisdiction to hear claims against a party that cannot independently remove when the claims against the only parties authorized to remove are barred by *sovereign immunity*").

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484

8

U.S. 343, 35 n.7 (1988). The Court will generally avoid making "[n]eedless decisions of state law . . . both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Marianist Province of United States v. City of Kirkwood*, 944 F.3d 996, 1003 (8th Cir. 2019) (alteration in original) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)).

Upon careful review of the relevant factors, the Court finds nothing to distinguish "this case from the usual case." *Thompson v. Kanabec County*, 958 F.3d 698, 708 (8th Cir. 2020) (quoting *Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016)). Indeed, federal courts "regularly remand cases removed under section 1442(a)(1) once the federal party is eliminated." *Dist. of Columbia*, 762 F.2d at 133 (finding a "prompt remand" would "best serve the interests of comity, fairness and judicial economy" where the claim depended on local law and "the federal party was eliminated shortly after removal").

In light of the foregoing,

IT IS ORDERED:
1. The United States of America's Motion to Dismiss for Failure to State a Claim (Filing No. 6) is granted.
2. The United States is dismissed as a party to this action.
3. This case is remanded to the District Court of Otoe County, Nebraska, for further proceedings.

Dated this 13th day of September 2022.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge